# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILFRED J. CORDEAU, JR. ,**

    **Plaintiff,**

**v.**                                                     **Case No: 6:14-cv-1360-Orl-40KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 21)**
>
> **FILED:** September 4, 2015

Plaintiff Wilfred J. Cordeau, Jr. seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on August 12, 2015. Doc. No. 19. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 21, at 2. Thus, the motion is now ripe for consideration.

Eddy Pierre Pierre, Esq., Plaintiff's counsel of record, seeks an award of $5,433.24 in EAJA fees. *Id.* at 1. The fee request covers 0.8 hours of work in 2014 and 1.7 hours of work in 2015 by

Charles E. Binder, Esq.  Doc. No. 21-4.  The request also covers 26.7 hours of work in 2015 by Attorney Pierre Pierre.  *Id.*

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  Attorney Pierre Pierre requests a fee at the rate of $186.07 per hour for all work performed.  Doc. No. 21, at 3.  Attorney Pierre Pierre provides an analysis of the cost-of-living adjustments using the CPI for January 2015, which is the month when the majority of the work was performed.  *See id.*  However, I find the use of an annualized multiplier for each year work was performed to be more reasonable.  *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1347 (M.D. Fla. 2002).  When no annualized multiplier is available for a year I find that it is reasonable to use the average of the first six monthly multipliers, published as the "HALF1 CPI," to determine the adjusted hourly rate for the year.  *See Gammon v. Comm'r of Soc. Sec.*, No. 6:13-cv-1567-Orl-22KRS, 2014 U.S. Dist. LEXIS 139749, at *3 n.3 (M.D. Fla. September 16, 2014), *adopted by* 2014 U.S. Dist. LEXIS 139731 (M.D. Fla. Oct. 1, 2014).  Applying this approach, independent calculations show that the average adjusted hourly rates for 2014, and 2015 are $190.06[2] and $189.68,[3] respectively.  Accordingly, based on the cost-of-living adjustment, the

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.  28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] The figure is calculated by taking the "Annual" CPI rate for 2014 and subtracting from it the March 1996 rate (236.736 – 155.7 = 81.036) and then dividing that number by the March 1996 rate (81.036 ÷ 155.7 = 0.5205).  These calculations result in the cost-of-living percentage increase from March 1996 through 2014.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5205 × 125) + 125 = 190.06).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited September 22, 2015).

[3] The figure is calculated by averaging the "HALF1" CPI rate for 2015 and subtracting from it the March 1996 rate (236.265 – 155.7 = 80.565) and then dividing that number by the March 1996 rate (80.565 ÷ 155.7 = 0.5174).  These calculations result in the cost-of-living percentage increase from March 1996 through June 2015.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to

requested rate of $186.07 per hour for 2014 and 2015 does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). At least one judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rate sought, and it is within the rates permitted by the EAJA, I recommend that the Court find that the requested rate of $186.07 per hour for work performed in 2014 and 2015 is reasonable in the absence of objection.

I also recommend that the Court find that the total number of hours worked by Attorneys Pierre Pierre and Binder is reasonable in the absence of objection.

Attorney Pierre Pierre also seeks costs in the amount of $400.00 for the filing fee. Doc. No. 21, at 1. The docket reflects that Plaintiff paid a $400.00 filing fee. This is a taxable cost. 28 U.S.C. § 1920.

Finally, I note that Plaintiff's counsel filed an assignment of Plaintiff's rights to Plaintiff's counsel of any EAJA fee awarded. Doc. No. 21-5. Attorney Pierre Pierre requests that the fees be paid directly to Plaintiff's counsel if Plaintiff does not owe a federal debt. Doc. No. 21, at 3.

---

derive the adjusted hourly rate permitted by the EAJA (($0.5174 \times 125) + 125 = \$189.68$). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited September 22, 2015).

Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** in part Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 21) and **DIRECT** the Commissioner of Social Security to pay Plaintiff Wilfred J. Cordeau, Jr. attorneys' fees in the amount of $5,433.24[4] and costs in the amount of $400.00.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on September 24, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] The total fee for hours worked is calculated as follows: ($186.07 per hour × 0.8 hour worked by Attorney Binder in 2014 = $148.86) + ($186.07 per hour × 1.7 hours worked by Attorney Pierre Pierre in 2014 = $316.32) + ($186.07 per hour × 26.7 hours worked by Attorney Pierre Pierre in 2015 = $4,968.07) = $5,433.25. However, Attorney Pierre requests only $5,433.24, so that is the figure I recommend that the Court award.