# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILFRED J. CORDEAU, JR.,**

    **Plaintiff,**

**v.**                                                             **Case No: 6:14-cv-1360-Orl-40KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)(1) (Doc. No. 26)
>
> **FILED:** May 30, 2017

## I. PROCEDURAL HISTORY.

Plaintiff, Wilfred J. Cordeau, Jr., applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Program (OASDI), 42 U.S.C. § 401, *et seq.* His application was denied by the Commissioner of Social Security. Cordeau sought review of that decision by this Court. Doc. No. 1. On August 11, 2015, the Court entered an order under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's decision and remanding the case for further proceedings. Doc. No. 18. Judgment was entered on August 13, 2015. Doc. No. 20.

Cordeau then timely filed a petition for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 21. That motion was granted, and Cordeau was awarded $5,433.24 in attorney's fees. Doc. No. 23.[1]

On remand, the Commissioner determined that Cordeau was disabled. The Commissioner issued a Notice of Award advising Cordeau that he was entitled to past-due benefits from which the Commissioner withheld 25% ($31,824.50) to pay fees of Cordeau's representatives. Doc. No. 26-3, at 6-8.

Cordeau's counsel of record, Eddy Pierre-Pierre, Esq., and his firm, Binder & Binder, represented Cordeau before this Court pursuant to a contingent fee agreement that provides for an attorney's fee award of 25% of any past-due benefits awarded. Doc. No. 23-3, at 2. After the decision finding Cordeau disabled, two of Cordeau's representatives (who also work for the Binder & Binder firm) filed fee requests under 42 U.S.C. § 406(a). Those requests were granted, with a total of $10,000.00 in § 406(a) fees being authorized. *Id.* at 13-15.

On May 30, 2017, Attorney Pierre-Pierre filed the present motion seeking an award of attorneys' fees under 42 U.S.C. § 406(b). Doc. No. 26. The motion was accompanied by a declaration from Attorney Pierre-Pierre. Doc. No. 26-2. Attorney Pierre-Pierre's declaration was supported by a copy of Plaintiff's retainer agreement, a timesheet showing the hours of attorney work on this case, the Notice of Award, and the notices authorizing § 406(a) fees for Cordeau's representatives at the administrative level. Doc. No. 26-3. Attorney Pierre-Pierre requests an award of $20,200.00, which he states would not result in an attorneys' fee that exceeds 25% of the past-due benefits awarded. He states that, if his §406(b) request is granted, he will refund the

---

[1] Plaintiff was also awarded $400.00 in costs. Doc. No. 23.

$5,433.24 in EAJA fees previously awarded directly to Cordeau.  Doc. No. 26, at 3.  The Commissioner does not object to the request.  *Id.* at 4.

**II.  ANALYSIS.**

   *A.  Award of Fees Under § 406(b) Generally.*

Attorney Pierre-Pierre seeks attorneys' fees pursuant to § 406(b), which provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.  *Id.* § 406(b)(2).  Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the U.S. Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  Because Cordeau was awarded past-due benefits following remand, as reflected in the Notice of Award, the Court may award attorneys' fees under § 406(b).

### B. *Reasonableness of the Contingent Fee Under § 406(b).*

The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "The court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808 (citations omitted). The Supreme Court observed that the contingency fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.*

In *McKee v. Commissioner of Social Security*, No. 6:07-cv-1554-Orl-28KRS, 2008 U.S. Dist. LEXIS 86793, at *2–5 (M.D. Fla. Sept. 30, 2008), the Court set forth a lengthy discussion on the reasonableness of contingent fee awards and the proper standard for their evaluation. Among other things, the Court noted that contingent fee awards should not be converted into hourly rate equivalents under a lodestar approach. Rather, the Court should look to the character of the attorney's representation and the results achieved, among other factors. *Id.* at *5 (citing *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005)).

The record in this case reflects that Cordeau filed an application for disability benefits in 2011. Doc. No. 17, at 1. The application was denied initially, on reconsideration, and by an administrative law judge. *Id.* at 2-3. Cordeau then appealed the agency's decision to this Court, where he was represented by Attorney Pierre-Pierre and Charles E. Binder, Esq. Attorney Pierre-Pierre avers that he is an attorney who has represented claimants before the Social Security Administration since 1996. Charles E. Binder has represented claimants before the Social Security Administration for "a number of years," including handling thousands of administrative hearings

and hundreds of federal appeals. Attorney Pierre-Pierre worked 26.70 hours in this case, and Attorney Binder worked 2.50 hours in this case. Doc. No. 26-2, at 3-4. After the Court ordered the Commissioner's decision reversed and remanded the case for further proceedings, the Commissioner ultimately awarded Plaintiff benefits. Doc. Nos. 18, 26-3, at 6-8. Under these circumstances and in the absence of objection, I recommend that the Court find that the requested fee is reasonable.

In addition, as explained above, the maximum amount of attorneys' fees that may be awarded under § 406(a) and (b) in the aggregate is 25% of the past-due benefits. Here, 25% of the past-due benefits is $31,824.50. That amount must, however, be reduced by the $10,000.00 in § 406(a) fees awarded at the administrative level, which reduces the amount available for § 406(b) fees to $21,824.50. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Counsel must then either refund the EAJA fee previously awarded or reduce the amount of the § 406(b) fee requested by the amount of the EAJA fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273 (11th Cir. 2010); *see also Wood v. Comm'r of Soc. Sec.*, __ F.3d __, 2017 WL 2723470, at *3-6 (11th Cir. June 26, 2017) (discussing the proper calculation of § 406(b) awards). Here, Attorney Pierre-Pierre requests an award of $20,200.00, which is less than the total amount available for § 406(b) fees. In addition, Attorney Pierre-Pierre represents that he will refund the $5,433.24 in previously awarded EAJA fees directly to Cordeau.[2] Accordingly, I recommend that the Court find that the requested fee does not violate the 25% cap on fees.

---

[2] As noted above, Courdeau was also awarded $400.00 in costs under the EAJA. The record does not reflect whether he kept that $400.00 or repaid it to Attorney Pierre-Pierre. Regardless, the EAJA Savings Provision, which mandates the refund of EAJA fees when the claimant's attorney receives fees under both the EAJA and §406(b) for the same work, applies only to fees, not costs. *See Jackson*, 601 F.3d at 1271 (quoting 28 U.S.C. §2412 note, Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183, 186). Thus, Attorney Pierre-Pierre has no obligation to refund the $400.00 in costs.

**III.     RECOMMENDATIONS.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b)(1) and **FIND** that Eddy Pierre-Pierre, Esq. is allowed to charge Plaintiff Wilfred J. Cordeau, Jr., a reasonable fee for federal court representation in the amount of **$20,200.00**.  In addition, I **RECOMMEND** that the Court order Attorney Pierre-Pierre to remit to Cordeau the sum of $5,433.24 within five business days after receiving the attorney's fees paid from past-due benefits.   Finally, I **RECOMMEND** that the Court require Attorney Pierre-Pierre to provide a copy of its Order on this Report and Recommendation to Cordeau as soon as practicable, and advise Cordeau that if he objects to the fee approved by the Order on this Report and Recommendation, he must file his objection with this Court within 30 days from the date the Order is issued.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 17, 2017.

          *Karla R. Spaulding*
          KARLA R. SPAULDING
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy